**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51574**

|  |  |
|---|---|
| STATE OF IDAHO,<br><br>      Plaintiff-Respondent,<br><br>v.<br><br>SHANE MORGAN CHAVIS,<br><br>      Defendant-Appellant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**Filed: June 26, 2025**

**Melanie Gagnepain, Clerk**

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Nancy A. Baskin, District Judge.

Judgments of conviction and concurrent unified sentences of seven years, with a minimum period of incarceration of two and one-half years, for felony possession of a controlled substance, <u>affirmed</u>; and <u>case remanded for further proceedings</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kiley A. Heffner, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Elizabeth H. Estess, Deputy Attorney General, Boise, for respondent.

_____

Before HUSKEY, Judge; LORELLO, Judge;
and TRIBE, Judge

_____

PER CURIAM

     Shane Morgan Chavis was found guilty of two counts of felony possession of a controlled substance, Idaho Code § 37-2732(c).[1] The district court imposed concurrent unified sentences of seven years, with a minimum period of incarceration of two and one-half years. Chavis appeals, asserting the district court abused its discretion by failing to redline an accepted correction to his presentence investigation report (PSI) and by imposing excessive sentences.

_____

[1] Chavis was also found guilty of misdemeanor possession of drug paraphernalia; that conviction is not at issue in this appeal.

Chavis argues that although the district court issued an order amending information in the PSI, the court did not apply the correct legal standards when it agreed to a correction of Chavis's PSI but did not redline the correction. The State does not dispute that a limited remand is necessary in light of recent precedent regarding changes to a PSI.

The Idaho Supreme Court has held that when a district court accepts corrections to a PSI, the district court has an obligation to: (1) update the PSI; (2) make the updated PSI a part of the record; and (3) provide the updated PSI to the Idaho Department of Correction (IDOC). *State v. Greer*, 171 Idaho 555, 563, 524 P.3d 386, 394 (2023). Further, when the PSI in the appellate record does not include the corrections the district court agreed to make, the Idaho Supreme Court has held that the appellate court cannot determine if those changes occurred. *State v. Ogden*, 171 Idaho 843, 862, 526 P.3d 1013, 1032 (2023). Thus, a limited remand is necessary to ensure any corrections previously accepted by the district court are noted in a way that memorializes those corrections in the record. *Id.* Such corrections can be made by redlining the PSI with handwritten or digital annotations or by entering an order correcting the PSI, so long as the order is sufficiently and conspicuously appended to the PSI in a single document. Upon remand, the district court should confirm that the appropriate corrections were made to the PSI and ensure the corrected PSI is made part of the record and provided to IDOC. *Id.*; *see Greer*, 171 Idaho at 560, 524 P.3d at 391.

Chavis also argues the district court abused its discretion by imposing excessive sentences. Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Because the district court agreed to a correction of Chavis's PSI, but the record does not reflect that the correction order memorializing the change was appended to the PSI in a single

document and transmitted to IDOC, a limited remand is necessary. The district court did not abuse its sentencing discretion. Therefore, Chavis's judgments of conviction and sentences are affirmed.